# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

IVA I. WILLIAMS,

    Plaintiff,

vs.                                                     CASE NO. CV-08-J-1354-NE

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

    Defendant.

## **MEMORANDUM OPINION**

This matter is before the court on the record and the briefs of the parties. This court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff seeks Disability Insurance Benefits due to diabetes, asthma, arthritis, scoliosis, high blood pressure, GERD, chronic pain in the knees, neck, and shoulders, borderline cogitation, and mild depression (R. 38). The plaintiff's alleged disability onset date is March 8, 2006 (R. 79).

On appeal, the plaintiff argues that the decision of the Administrative Law Judge (ALJ) that the plaintiff is capable of performing her past relevant work is against the substantial weight of the evidence. Plaintiff's Memorandum at 6-7.

The court has considered the record and the briefs of the parties. For the reasons set forth herein, the decision of the Commissioner is **REVERSED**.

**Factual Background**

The plaintiff was born on February 16, 1947[1] (R. 81). She is noted as having an eleventh grade education, but also reported to a psychologist, Erin M. Smith, that she dropped out of high school in the eleventh grade (R. 38, 195). The plaintiff has past relevant work as a housecleaner and a production line worker, both classified as light, unskilled jobs (R. 48). The vocational expert testified that the plaintiff occasionally performed the production line worker job at the medium level of exertion (R. 48). The plaintiff testified that the primary impairment preventing her from working was her constant, physical pain (R. 39, 41, 47).

Medical records from the Decatur Orthopedic Clinic in May 2003 show that the plaintiff sought treatment for a popliteal cyst in her left knee, resulting in swelling and mild pain (R. 179). In May 2004, the plaintiff was examined at the Decatur Oncology Center and diagnosed with mild lymphocytosis (R. 182). In March 2006 Dr. A. Joseph Alexander, a gastroenterologist, found that the plaintiff had occult GI bleeding, resulting in a final diagnosis of chronic gastritis, mild to moderate (R. 187).

A number of the plaintiff's physical complications were noted in medical records from Dr. Emily M. McClure, a treating physician from April 1999 through

---

[1] The plaintiff was sixty years old on the date of the hearing, which was November 6, 2007 (R. 37-38).

October 2007 (R. 263-319).  The plaintiff was diagnosed with arthritis in her shoulders in April 2005 (R. 276).  She continued to experience shoulder pain in May 2005 (R. 275).  In November 2005 Dr. McClure's assessment included shoulder bursitis and hip arthritis (R. 270).  In March 2006 the plaintiff suffered from foot pain, shoulder pain, back pain, AC joint pain, degenerative joint disease, and bowel problems (R. 269).  A visit in May 2007 noted mild inflammation of the neck, scoliosis, back pain, and asthma (R. 263). The most recent visit to Dr. McClure in October 2007 noted the plaintiff's back tenderness at L3-4 (R. 319).

    Dr. Marlin D. Gill saw the plaintiff in May 2006 for a disability examination (R. 190).  He noted that she had cataracts (R. 191).  He stated that the plaintiff "complain[ed] of pain with movement of both shoulders" (R. 191).  His assessment included chronic multiple joint pains, diabetes with no known complications, and asthma (R. 192).  Disability Determination Service referred the plaintiff to Erin M. Smith in May 2006 for a psychological evaluation (R. 194).  The psychologist noted the plaintiff's medical issues, including arthritis, scoliosis, diabetes, asthma, hypertension, and hypercholesterolemia (R. 196).  The psychologist opined that the plaintiff's cognition was in the Borderline to Low Average range (R. 195).  Her global assessment of functioning ("GAF") score was 45 (R. 196).  The psychologist diagnosed her with mild major depressive disorder and suspected borderline

intellectual functioning (R. 196). She concluded that the plaintiff's "ability to maintain gainful employment is limited by her ongoing medical complications which are likely to be chronic and degenerative in nature" (R. 196). The plaintiff was recommended for mental health services (R. 197).

The residual functional capacity ("RFC") assessment, completed by John S. Whitehead, M.D., stated that the plaintiff "should avoid overhead and repetitive reaching on the right" (R. 218). It further stated that the plaintiff's "right shoulder should be protected from overhead reaching" (R. 218). Postural limitations included occasional kneeling due to left knee problems, occasional climbing of ramps and stairs due to left knee problems, and never climbing ladders, ropes, and scaffolds because of the plaintiff's age and arthritis in the right shoulder (R. 219). In reliance on that report, claim forms dated June 20, 2006, note that the plaintiff could not return to her past relevant work as actually performed (R. 140).

Medical records from Dr. Rebecca B. Raby of Allergy, Asthma & Clinical Immunology Specialists, P.C. from October 2001 through October 2006 document the plaintiff's asthma complications (R. 232-61). The plaintiff was diagnosed with severe asthma, allergic rhinitis, and type II diabetes in October 2001 and prescribed Flonase, Proventil, Advair, and Prednisone to remedy her symptoms (R. 241-42). Throughout the plaintiff's subsequent visits, her asthma was diagnosed as mild and

persistent since her symptoms require daily treatment (R. 232-39). None of the plaintiff's doctors found that she was malingering her pain.

## Standard of Review

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for 'despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of [the] decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## Legal Analysis

In the case before this court, the ALJ determined that the plaintiff had the

5

residual functional capacity to perform work at the "light" level, with the additional limitations of: occasionally climbing ramps or stairs; occasionally kneeling; never climbing ladders, ropes, or scaffolds due to problems with the left knee, age, and arthritis in the right shoulder; avoiding exposure to extreme cold, dust, fumes, gases, and poor ventilation because of her asthma and arthritis; and avoiding work around hazardous machinery and unprotected heights because of her arthritis and pain (R. 16). The ALJ specifically found that the plaintiff's impairments do not prevent her from performing her past relevant work as a production line worker and housecleaner (R. 19).

This court finds that the record does not support this decision. The court finds that the ALJ did not properly consider the plaintiff's claim under the medical-vocational rules. 20 C.F.R. § 404, Subpt. P, App. 2, Table No. 2, Rule 202.01. The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

In reaching his conclusion that the plaintiff could return to her past relevant work, the ALJ found that "[t]he claimant's complaints of disabling pain in the knees, right arm, shoulder, and back/neck are not supported by the evidence of record" (R.

17). This conclusion is in error as the plaintiff's medical records provide otherwise. In May 2003, the plaintiff sought treatment for a popliteal cyst in her left knee, resulting in swelling and mild pain (R. 179). Records from the plaintiff's treating physician, Dr. Emily M. McClure, show that the plaintiff was diagnosed with arthritis in her shoulders in April 2005 (R. 276), suffered shoulder bursitis and hip arthritis in November 2005 (R. 270), suffered foot pain, shoulder pain, back pain, AC joint pain, and degenerative joint disease in March 2006 (R. 269), and was diagnosed with mild inflammation of the neck, scoliosis, and back pain in May 2007 (R. 263). Dr. Marlin D. Gill saw the plaintiff in May 2006 for a disability examination and noted that she had chronic multiple joint pains (R. 192). Erin M. Smith, a psychologist, stated that the plaintiff's "ability to maintain gainful employment is limited by her ongoing medical complications which are likely to be chronic and degenerative in nature" (R. 196). The RFC completed by Dr. Whitehead corroborated the medical evidence in this case, providing that the plaintiff could not reach overhead on the right (R. 217-24). *See* 20 C.F.R. § 404.1527(d)(2). Further, the vocational consultant's comments dated June 20, 2006, state that "[t]he claimant's past relevant work as actually performed would be ruled out due to limitations outlined in RFC/MRFC dated 06/20/2006" (R. 140).

The ALJ should have applied the medical-vocational rules to determine that the

plaintiff was disabled. 20 C.F.R. § 404, Subpt. P, App. 2, Table No. 2, Rule 202.01. Medical-Vocational Rule 202.01 provides that an individual of advanced age, with limited or less education, and unskilled or no previous work experience is disabled. *Id*. When considering the plaintiff's age at the hearing date, which was sixty years old, coupled with her eleventh grade education and the unskilled nature of her previous jobs of housecleaner and production line worker,[2] the medical-vocational rules mandate a decision of "disabled." Furthermore, the ALJ stated that if the plaintiff "was limited to sedentary, she would be disabled under the grid" (R. 51). His finding that the plaintiff is not disabled is against the substantial weight of the evidence. This court finds that because the plaintiff is disabled pursuant to Medical-Vocational Rule 202.01, she is entitled to benefits as of her alleged onset date, March 8, 2006.

## Conclusion

"When evidence has been fully developed and unequivocally points to a specific finding, the reviewing court may enter the finding that the Secretary should have made." *Reyes v. Heckler*, 601 F.Supp. 34, 37 (S.D. Fla. 1984) (citing *Gardner v. Smith*, 368 F.2d 77, 86 (5th Cir. 1966); *DePaepe v. Richardson*, 464 F.2d 92 (5th

---

[2] The vocational expert testified that both of these jobs were classified as light and unskilled (R. 48).

Cir. 1972)).  Because the plaintiff is entitled to a finding of disability under the grids, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED**.  This case is **REMANDED** to the Agency to calculate the plaintiff's monetary benefits in accordance with this Opinion.

**DONE** and **ORDERED** the 10th day of March 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE